IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 18-1549-CFC |
| | ) |
| CONNECTIONS CORRECTONAL | ) |
| HEALTHCARE SERVICE, INC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Plaintiff, Amir Fatir ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, filed this lawsuit on October 8, 2018. (D.I. 2) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

I.  **BACKGROUND**

Plaintiff filed the Complaint alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] (D.I. 2) The Complaint contains 49 pages, is raised against 25 defendants, and contains 75 counts. Distilled, the Complaint raises medical needs (*id.* at Counts 1-11), retaliation (*id.* at Counts 12-18), due process (*id.* at Counts 19-56, 65), housing and classification (*id.* at Counts 57-64, 66-72), and conditions of confinement (*id.* at Counts 73-75) claims. Plaintiff seeks compensatory damages, punitive

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

damages (ranging from five hundred thousand to five million dollars depending upon the defendant), and injunctive and declaratory relief. (*Id*. at 46-49)

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however in artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

Rule 8(a)(1) states that a pleading that states a claim for relief must contain a demand for the relief sought. Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(1)(a)(2), which is also applicable, states, in pertinent part, as follows:

> Persons may . . . be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (2)(A) and (B). "In exercising its discretion [to join parties], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009); *see also Boretsky v. Governor of New Jersey*, 433 F. App'x 73, 77 (3d Cir. 2011).

## III. DISCUSSION

A review of the Complaint reveals five discrete claims. There are 25 named defendants. The five claims, contained in 75 counts and raised against 25 defendants, violates Fed. R. Civ. P. 20(a). Some defendants, particularly the supervisory defendants, are named in many count claims.

Naming 25 defendants in conjunction with 75 counts makes the Complaint unmanageable. In addition, the five discrete claims appear to have different factual and legal issues. While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).

Also, much of the complaint is deficiently pled. It consists of legal conclusions without supporting facts and fails to meet the pleading requirements of *Iqbal*. *See Ascroft v. Iqbal*, 556 U.S. 662 (2009). It also raises claims that are not cognizable constitutional violations. For example, many claims are raised against Delaware Department of Correction employees based upon their supervisory positions. However, there is no respondeat superior liability under § 1983. *See Parkell v.*

*Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). Or, the allegations complain of housing or prisoner classification. Yet it is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005).

"The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA." *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D. Pa. May 30, 2007). *See George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007) ("The "[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this [multiple]-claim, [multiple]-defendant suit produced but also to ensure that prisoners pay the required filing fees."). *See also Smith v. Kirby*, 53 F. App'x 14, 16 (10th Cir. 2002) (finding no abuse of discretion where district court denied leave to amend or supplement the complaint where the "new claims were not relevant to the claims before that court. . . ."). As a frequent filer, Plaintiff is well aware of pleading requirements.

Based upon the foregoing discussion, the Complaint will be dismissed without prejudice for failure to state claims upon which relief may be granted and as noncompliant with Fed. R. Civ. P. 20. Plaintiff will be given an opportunity to file an amended complaint. He is cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. To the extent that Plaintiff believes

4

that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he should file **separate complaints** addressing each violation along with separate motions to proceed *in forma pauperis*. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992). Each amended complaint must contain all defendants and claims in a single document.

As previously discussed, I have identified the following discrete claims: medical needs, retaliation, due process, housing and classification, and conditions of confinement. Plaintiff is warned that the inclusion of separate, unrelated claims will be considered a failure to comply with this Court's Order and will result in dismissal of the amended complaint. *See* Fed. R. Civ. P. 20. In addition, the amended complaint or new complaints filed in compliance with this order shall not include new claims. Finally, the failure to file an amended complaint within the specified time period will result in dismissal of the action for failure to comply with an order of the court.

## IV.  CONCLUSION

The Court will dismiss the Complaint for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) and for failure to comply with Fed. R. Civ. P. 20. Plaintiff will be given leave to amend.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January 7, 2019
Wilmington, Delaware