IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | : |
| Plaintiff, | : |
| v. | : Civ. No. 18-1549-CFC |
| CONNECTIONS COMMUNITY SUPPORT PROGRAMS, INC., et al., | : |
| Defendants. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Plaintiff Amir Fatir, a prisoner incarcerated at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, commenced this 42 U.S.C. § 1983 action on October 8, 2018. On November 7, 2019, Plaintiff filed a motion for preliminary injunction and/or temporary restraining to block his transfer to a different housing assignment due to his medical condition. (D.I. 15) Because Defendants had not been served when the motion was filed, the Court ordered the JTVCC warden to respond to the motion.

**II.   BACKGROUND**

The Amended Complaint alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs by failing to properly treat him for a cardiac condition and possible ankle injury in late 2016 early 2017, retaliating for submitting a grievance firing Plaintiff from his prison job and placing someone else in Plaintiff's cell while he recovered from surgery. (D.I. 15) In his motion for injunctive relief, Plaintiff complains

1

that Deputy Warden Natasha Hollingsworth ("Hollingsworth") will not transfer him from his current housing assignment in B-Annex to T-2. (D.I. 15 at 4) Plaintiff contends that B-Annex is covered with black mold and is dirt and dust-laden, all of which threatens his life because he is forced to breath dirty and dusty air 24 hours per day. Plaintiff also asserts that there are no fire exits and, in the event of a fire, he would either burn to death or asphyxiate.

Plaintiff seeks a transfer to theT-2 chronic care unit. He states that two official requests were made in 2017 for his transfer and another request was made in 2019 to "halt the deterioration of his condition." (D.I. 15 at 3) Hollingsworth told Plaintiff that she had blocked the transfer due to a "no contact" notice in Plaintiff's prison file that Plaintiff have no contact with inmate Robert Saunders ("Saunders"). Plaintiff states that Saunders told Counselor Brown and Captain Bruce Burton that he had no problem with Plaintiff and that the two were like brothers, but Plaintiff was still prevented from a transfer to T-2. (*Id.* at 5) Plaintiff states that medical made another request for his transfer to T-2 to the disapproval of Hollingsworth. (*Id.*)

## III. DISCUSSION

A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar*

*Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services*, Inc., 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

A party pursuing injunctive relief is confined to arguing the merits of his or her complaint. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (explaining plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"); *Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (injunctive relief motion was "legally deficient" because it targeted conduct that bore no relation to plaintiff's underlying claim); *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005) ("to obtain a permanent injunction, a party must show . . . that he has prevailed in establishing the violation of the right asserted in his complaint"); *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (rejecting injunctive relief motion that raised new assertions that were entirely different from the

claim raised in the complaint because "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

District courts routinely apply this proposition of law to deny conduct of the sort attempted here. *See, e.g., Peace and Freedom Party v. Bowen*, 2012 WL 1455248, at *7 (E.D. Cal. Apr. 26, 2012) ("Since Plaintiffs' complaint does not include a procedural due process claim that Defendant acted pursuant to unconstitutionally vague authority, such an argument cannot support an award of injunctive relief. Therefore, the merits of this argument need not be addressed."); *Shannon v. Williams*, 2012 WL 1657526, at *1 (D. Minn. Apr. 20, 2012) (denying injunctive relief motion based on assertions different from those in the complaint); *Carrea v. Iserman*, 2011 WL 4527407, at *2-3 (E.D. Cal. Sept.27, 2011) (rejecting claims unrelated to complaint as grounds for injunctive relief); *Guinther v. Banks*, 2010 WL 5173 691, at *2 (E.D. Ark. Dec. 1, 2010) (denying injunctive relief motion because "[t]he alleged constitutional violations Plaintiff has raised in his motion for a preliminary injunction have no relationship, whatsoever, to the claim he has raised in this lawsuit"); *Cincoski v. Richard*, 2010 WL 31726, at *3 (E.D. Ark. Jan.4, 2010) ("Plaintiff's grounds for seeking a preliminary injunction have no nexus to the underlying conduct giving rise to the claims asserted in his Complaint. Therefore, Plaintiff's requests for preliminary injunctive relief should be denied."); *Guillen v. Thompson*, 2009 WL 2513501, at *6–7 (D. Ariz. Aug.14, 2009) (denying preliminary injunction based on claims not raised in the complaint); *Pamer v. California Dep't of Corr.*, 2007 WL 2778913, 11 (N.D. Cal. Sept.21, 2007) (explaining that "[i]njunctive

relief is improper because the proposed TRO/preliminary injunction does not pertain to the issues as framed by the second amended complaint").

Plaintiff's motion is "legally deficient." While the Amended Complaint discusses Plaintiff's removal from his single cell, that issue is different from the one raised in the instant motion wherein Plaintiff seeks a transfer to the chronic care unit. In addition, the motion targets the conduct of Hollingsworth who is not a named defendant and whose conduct is not mentioned in the Amended Complaint. Hollingworth's alleged conduct bears no relation to Plaintiff's underlying claim. Plaintiff's motion is denied for this reason alone.

Moreover, even were Plaintiff's motion legally sufficient, it is well established that inmates are not entitled the housing assignment of their choosing. Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). Here, Hollingsworth states in her affidavit that she determined Fatir could not be transferred to T-2 due to security concerns. Federal courts are not

overseers of the day-to-day management of prisons, and the Court will not interfere in the Department of Correction's determination where to house Plaintiff.

## IV. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for injunctive relief (D.I. 17)

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

January 22, 2020
Wilmington, Delaware