IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMIR FATIR,

      Plaintiff,

v. : Civil Action No. 18-1549-CFC

CASEY PHELPS, et al.,

      Defendants.

## MEMORANDUM

1. **Introduction.** Plaintiff Amir Fatir, an inmate the James T. Vaughn Correctional Center in Smyrna, Delaware, commenced this action on October 8, 2018, pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (D.I. 2) He appears *pro se* and was granted permission to proceed *in forma pauperis*. The Amended Complaint is the operative pleading. (D.I. 13) Before the Court are Plaintiff's request for counsel, motion for reconsideration, motion for recusal, motion for an extension of time, and motion to reinstate dismissed defendants. (D.I. 51, 52, 54, 58, 63)

2. **Background.** On March 4, 2021, the Court granted the motion to dismiss of medical Defendants Connections Community Support Programs, Inc., Jefferson A. Fort, Irene Fuh, and Matthew Wofford. (D.I. 46). It also granted in part and denied in part the motion to dismiss of State Defendants Casey Phelps, Jason Rash, James Scarborough, and Marc Richman. Scarborough and Richman were dismissed as defendants. The retaliation claims against Phelps and Rash remained. In addition, Plaintiff was given leave to amend the 42 U.S.C. § 1983 Eighth Amendment medical claims against the medical Defendants on or before April 7, 2021. (*Id.*)

1

Plaintiff sought, and received, an extension of time to on or before May 21, 2021, to file the amended complaint. (D.I. 47) Prior to the deadline for filing the amended complaint, Plaintiff filed a request for counsel, a motion for reconsideration of the March 4, 2021 memorandum opinion and order, a motion for my recusal, and another motion for an extension of time to file an amended complaint. (D.I. 51, 52, 54, 58) On April 21, 2021, Connections Community Support Programs, Inc. filed a suggestion of bankruptcy and on June 7, 2021, the Court entered an order that stayed all proceedings against Connections Community Support Programs, Inc. and its employees. (D.I. 53, 59) On December 13, 2021, Plaintiff filed a motion to reinstate previously dismissed defendants. (D.I. 63)

3. **Motion for Reconsideration.** Plaintiff moves for reconsideration of the March 4, 2021 memorandum opinion and order on the grounds that the Court committed clear and manifest injustice by failing to take judicial notice of, or consider, Plaintiff's reasoning and arguments against dismissal. (D.I. 52 at 2) Plaintiff's motion contains extensive argument why the claims against the medical Defendants and State Defendants Richman and Wofford should not have been dismissed. Plaintiff also argues that the Complaint and Amended Complaint met the pleading standards of Fed. R. Civ. P. 8. (D.I. 56) State Defendants oppose and argue that Plaintiff's motion merely asks this Court to rethink its decision. (D.I. 57)

4. Plaintiff also moves to reinstate dismissed Defendants Scarborough, Rash, Richman, Wofford, Fort, and Fuh. (D.I. 62) He argues that Scarborough and Richman were dismissed before it could be proven that their behavior as policymakers did not cause the deliberate indifference Plaintiff allegedly suffered by the refusal to

treat his condition and that Wofford, Fort, and Fuh were improperly dismissed because Connections filed for Chapter 11 bankruptcy.  (D.I. 63)

5. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet.  The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made.  *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."  *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension."  *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

6. The Court has reviewed Plaintiff's motion for reconsideration which provides great detail on why he believes reconsideration is appropriate.  The Court has also reviewed the Complaint, Amended Complaint, the applicable law, and the

3

Memorandum Opinion and Order at issue, and analyzed the issues while considering Plaintiff's motion. Plaintiff is mistaken that medical Defendants Wofford, Fort, and Fuh were dismissed due to Connections' bankruptcy. They were dismissed as defendants prior to the time that Connections filed the suggestion of bankruptcy. Notably, Plaintiff was given leave to amend his medical claims against them, although this matter is now stayed as to the medical Defendants. Upon review of the record, the Court concludes that Plaintiff has failed to demonstrate any of the necessary grounds to warrant a reconsideration of the Court's March 3, 2021 Memorandum and Order. Therefore, the motion for reconsideration and the motion to reinstate defendants will be denied. (D.I. 52, 63)

7. **Request for Counsel**. Plaintiff requests counsel or a paralegal to file and prepare his second amended complaint. (D.I. 51) He states that the prison where he is held has closed its law library and there is not an adequate library available to him. (*Id.*) Plaintiff argues that preparing an amended complaint is the same as an initial filing and therefore the Court is duty-bound to appoint him counsel or a paralegal. (*Id.* at 2). Plaintiff also seeks counsel on the grounds that his case appears to have merit; his ability to investigate the facts is extremely limited; the case requires extensive discovery; there is likely to be conflicting evidence; he is unable to obtain basic legal materials; he is impaired and weakened by a heart attack and surgery; he has difficulty figuring out which prison officials can property be held liable; the case concerns medical issues and will likely require the use of expert witnesses; and he has sought retain counsel without success. Plaintiff's addendum seeks counsel on the grounds that the suggestion of bankruptcy complicates this action and, because he is not experienced in

4

business or bankruptcy law, he requires an attorney who is. (D.I. 55)

8. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

9. After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

10. Several of the *Tabron* factors militate against granting Plaintiff's request for counsel at this time. Plaintiff is a frequent filer. He has ably represented himself in

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5

the past and he continues to do the same in the instant action. Plaintiff complains that he limited law library access, but his filings belie this claim. His recent motion for reconsideration is replete with quotations and case cites and his recent motion to reinstate defendants is typed. Finally, it is clear from his Complaint and Amended Complaint that he understands the issues he raises and adequately addresses those issues. Accordingly, reasons, the Court will deny the request for counsel without prejudice to renew.

11. **Motion for Recusal.** Plaintiff seeks my recusal pursuant to 28 U.S.C. § 455 and § 144. (D.I. 54) Pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned," *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004), not "whether a judge actually harbors bias against a party," *United States v. Kennedy*, 682 F.3d 244, 258 (3d Cir. 2012). Under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under § 455(b)(3), a judge is required to recuse himself "[w]here he has served in governmental employment and in such capacity participated as counsel, advisor or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy."

12. With regard to a judge who formerly served in the United States Attorney's Office, "absent a specific showing that that judge was previously involved with a case while in the U.S. Attorney's office that he or she is later assigned to preside over as a

6

judge, § 455(b)(3) does not mandate recusal." *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir 1988).   Plaintiff offers no evidence that I was involved in this case while I served in the United States Attorney's Office.   He has not established that a reasonable person would conclude that my impartiality might be questioned based on my prior employment as the United States Attorney for the District of Delaware or as an Assistant United States Attorney.   *See generally Liteky v. United States*, 510 U.S. 540, 555 (1994); *Brown v. Mace-Liebson*, 779 F. App'x 136, 142-43 (3d Cir. 2019).   Plaintiff also takes exception to rulings I have made in this case.   This, however, is not a basis for my recusal.   After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality.   After considering Plaintiff's assertions, I conclude that there are no grounds for my recusal under 28 U.S.C. § 455.

13.   Plaintiff has submitted an affidavit to support his motion for my disqualification under § 144.   (D.I. 54 at 5-8)   Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."   In the affidavit, Plaintiff states that: (1) he recently learned that while I was the U.S. Attorney for the District of Delaware, I was specially detached to the Delaware Department of Justice to work in partnership with DOJ attorneys to prosecute Thomas Capano; (2) he believes that the relationship makes the DOJ opposing counsel my defacto former law partners and equally conflicted regarding private counsel for the medical defendants; (3) the DOJ represents all State Defendants and the DOC hired

7

and paid Connections; and (4) the interlocking relationships among myself, the DOJ, the DOC, and Connections present possible conflicts of interest, personal bias, the appearance of impropriety and prejudice against Plaintiffs and prejudice in favor of Defendants. (D.I. 54 at 5-8)

14. As a threshold matter, it is the responsibility of the district judge against whom an affidavit is filed to assess the legal sufficiency of the affidavit. *United States v. Townsend*, 478 F.2d 1072, 1073 (3d Cir. 1973) (stating that the mere filing of an affidavit "does not automatically disqualify a judge"). The United States Court of Appeals for the Third Circuit has held that the challenged judge must determine only the sufficiency of the affidavit, not the truth of the assertions. *Mims v. Shapp*, 541 F.2d 415, 417 (3d Cir. 1976). An affidavit is legally sufficient if the facts alleged therein: (1) are "material" and "stated with particularity," (2) "would convince a reasonable person that a bias exists," and (3) evince bias that "is personal, as opposed to judicial, in nature." *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

15. Here, it is evident that Plaintiff's allegations of bias consist of subjective conclusions based upon a case I prosecuted over twenty years ago as well as conclusory statements of interlocking relationship that pose "possible" conflicts of interest. *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir.1990) (holding that, to be legally sufficient, an affidavit must contain more than mere conclusory allegations). Evaluating Plaintiff's affidavit and motion for recusal, I find no basis from which to conclude that the Court has a personal bias or prejudice against Plaintiff or in favor of any Defendant to warrant recusal under 28 U.S.C. § 144. Significantly, Plaintiff has failed to carry his burden of making the threefold showing as

to (1) specific facts (2) that could convince a reasonable person that a bias exists and (3) that the bias was personal as opposed to judicial in nature. *United States v. Thompson*, 483 F.2d at 528. To the contrary, Plaintiff has presented conclusory and broad statements premised entirely on conjecture. He has not met the requirements of § 144, and his motion for my recusal under 28 U.S.C. § 144 will be denied.

16. **Motion for Extension of Time.** Plaintiff moves for an extension of time to file a second amended complaint. (D.I. 58) The motion will be granted.

17. **Conclusion.** Based upon the above discussion, the Court will: (1) deny without prejudice to renew Plaintiff's request for counsel (D.I. 51); (2) deny Plaintiff's motion for reconsideration (D.I. 52); (3) deny Plaintiff's motion for recusal (D.I. 54); (4) grant Plaintiff's motion for an extension of time to file a second amended complaint (D.I. 58); and (5) deny Plaintiff's motion to reinstate dismissed Defendants (D.I. 63). A separate order shall issue.

_____
Chief Judge

January **24**, 2022
Wilmington, Delaware

9