IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-1549-CFC |
| v. | ) | |
| | ) | |
| CASEY PHELPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### **MEMORANDUM**

1. **Introduction.** Plaintiff Amir Fatir proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Before the Court is Plaintiff's combined motion to amend and for injunctive relief. (D.I. 66)

2. **Discussion.** Plaintiff filed a combined motion to amend and for injunctive relief on January 24, 2022. The motion seeks to add as new defendants Nurse Practitioner Ihoma Chuks, Nurse John Doe, and Centurion Administrator Catherine LaRue. The combined motion will be denied for two reasons. First, the pleading does not comply with Local Rule 15.1, which provides that a party who moves to amend a pleading shall attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

3. Second, the proposed amended complaint violates Federal Rule of Civil Procedure 20 as it seeks to add new defendants and new claims that are unrelated to

1

the original medical claims raised by Plaintiff as they occurred in a different time-frame, are brought against individuals not originally named as defendants, and include acts that occurred after the filing of the initial complaint. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave [to amend] when justice so requires." However, "undue delay, bad faith, dilatory motive, prejudice, [or] futility" could all "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, it would be futile to permit amendment because the proposed claims would not satisfy the joinder requirements of Fed. R. Civ. P. 20. *See McKinney v. Prosecutor's Office*, 2014 WL 2574414, at *15 (D.N.J. June 4, 2014).

4. That portion of the motion seeking injunctive relief will also be denied. It seeks action against non-parties. But entering an order for injunctive relief against non-parties is inappropriate. See *Glenn v. Dunlop*, 423 F. App'x 249, 253 (3d Cir. 2011) (holding that asking the Appellate Court to order the District Court to enter an injunction compelling the St. John Recorder of Deeds to take certain action would be inappropriate as the Recorder of Deeds is not a party to this case).

5. **Conclusion**. Based upon the above discussion, the Court will deny Plaintiff's combined motion to amend and for injunctive relief. (D.I. 66) A separate order shall issue.

_____
Chief Judge

April 28, 2022
Wilmington, Delaware

2