IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 18-1549-CFC |
| v. | ) |
| | ) |
| CASEY PHELPS, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

At Wilmington, this Third day of February 2023, having considered Plaintiff's motion to depose defendants and witnesses (D.I. 81), motion for extension of time to complete discovery (D.I. 82), motion to compel discovery (D.I. 98), motion to strike deposition (D.I. 99), and renewed motion for extension of time (D.I. 102);

1. Plaintiff Amir Fatir proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. In the motion to depose defendants and witnesses (D.I. 81), Fatir requests leave to depose each remaining Defendant. Fatir cannot depose parties or non-parties without paying for the costs associated with conducting depositions, such as court reporter fees and transcription costs, and the Court has no authority to finance or pay for a party's discovery expenses. *See Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (in forma pauperis statute does not require government to advance funds for deposition expenses). There was no showing in Fatir's motion of his ability to pay the fees associated with conducting depositions. Accordingly, the motion to depose defendants and witnesses will be denied, without prejudice.

2.     In the motion to compel discovery (D.I. 98), Fatir seeks to compel production of various documents he requested, challenging both the constitutionality and applicability of Delaware statutes relied upon by Defendants in their objections. Defendants have failed to file a response to the motion to compel and will be directed to do so.

3.     In the motion to strike deposition (D.I. 99), Fatir requests that his deposition be stricken from the record because he did not receive Defendants' notice of deposition, which was placed on the docket over a month before the deposition and provided the date and time of the deposition, until after the deposition was conducted. The motion to strike deposition will be denied.

4.     Fatir's motion for extension of time to complete discovery (D.I. 82) will be denied as moot in light of his renewed motion for extension of time to complete discovery (D.I. 102), which will be granted.

IT IS HEREBY ORDERED that:

1.     The motion to depose defendants and witnesses (D.I. 81) is **DENIED** without prejudice.

2.     Defendants are directed to file a response to Plaintiff's motion to compel discovery (D.I. 98) **within fourteen days** of the date of this Order.

3.     The motion to strike deposition (D.I. 99) is **DENIED**.

4.     The motion for extension of time to complete discovery (D.I. 82) is **DENIED** as moot.

5.     The renewed motion for extension of time to complete discovery (D.I. 102) is **GRANTED**.   In its order ruling on the motion to compel discovery, the Court will

impose new deadlines for discovery and dispositive motions.

_____
Chief Judge