IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMIR FATIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 18-1549-CFC |
| v. | ) | |
| | ) | |
| CASEY PHELPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington, on this Twentieth day of June in 2023, having considered Plaintiff's motion to compel discovery (D.I. 98), the DDOC Defendants' response (D.I. 113), and Plaintiff's reply (D.I. 114);

1.    In the September 13, 2022 motion to compel discovery (D.I. 98), Fatir seeks to compel production of various documents he requested, challenging both the constitutionality and applicability of Delaware statutes relied upon by the DDOC Defendants in their objections, 11 Del. C. § 4322(c) and 29 Del. C. § 1002(o)(13).

2.    Specifically, Plaintiff challenges the DDOC Defendants' objections to producing:

- "[T]he Correctional Code of Conduct in effect in 2017";

- "W-1 Post Orders regarding shakedowns, medical moves from cells and jobs in 2017";

- "All rules, policies, procedures, post orders, memoranda, and/or guidance on write-ups, levels of severity for write-ups, as well as under what circumstances officers are to give warnings, verbal reprimands or counseling reports";

- "All rules, policies, procedures, post orders, memoranda, and/or guidance on the Sergeant approving write-ups and whether the Sergeant who ordered, approved or participated in the write-up or incident giving rise to the writeup can also be the Sergeant who approves the write-up";

- "All rules, policies, procedures, post orders, memoranda, and/or guidance on who orders shakedowns, authorization for the tier officer to decide to shakedown whomever he chooses or whether the building Sergeant or Officer in Charge ("OIC") is supposed to select which cells are shook down";

- "All rules, orders, procedures, codes and/or guidance pertaining to an officer's duty to intervene and failure to protect";

- "All mailroom orders, procedures, rules or directions regarding what materials to allow in the prison and which to reject and what to do with materials that are rejected"; and

- "All mailroom orders procedures, rules or directions for what envelopes and other stationery materials to permit into the institution during the period of time mailroom rules were suspended and/or relaxed during the period of time that envelopes and stationery items were unavailable due to the termination of the contract with Commissary Vendor Swanson."

(D.I. 87 at ¶¶ 14, 24, 26, 27, 28; D.I. 89 at ¶¶ 14, 22, 24, 25, 26, 30, 32, 33)[1]

---

[1] The DDOC Defendants objected to some of Plaintiff's other document requests based in part on § 1002(o)(13), but cited in their objections other reasons, such as inmates' personal privacy.   Plaintiff's motion to compel does not challenge those

3.      The DDOC Defendants initially did not respond to Plaintiff's motion to compel.   In a February 3, 2023 Memorandum Order (D.I. 112), the Court directed the DDOC Defendants to respond, and they did so on February 17, 2023. (D.I. 113)

4.      Until October 14, 2022, § 4322 provided, in relevant part:

> (c) No inmate shall be provided a copy of the Department of Correction Policy and Procedures Manuals, The Bureau of Prisons Policy and Procedures Manuals, nor any of the Department of Correction Facilities Operational Procedures, Administrative Regulations and Post Orders.

> (d) The Department of Correction Policies and Procedures, including any Policy, Procedure, Post Order, Facility Operational Procedure or Administrative Regulation adopted by a Bureau, facility or department of the Department of Correction shall be confidential, and not subject to disclosure except upon the written authority of the Commissioner.

11 Del. C. § 4322(c)-(d) (2021).

5.      In June 2022, the Delaware Legislature passed, and in October 2022, the Governor of Delaware signed into law House Bill 394, "An Act to Amend Title 11 of the Delaware Code Relating to the Department of Correction," the synopsis of which states in relevant part that "[t]he Act also updates § 4322 of Title 11 to allow dissemination of Department of Correction policies and procedures to

---

additional justifications for the DDOC Defendants' objections.   Accordingly, the Court does not construe the motion to compel as directed to those documents.

3

inmates and the public where such dissemination would not endanger safety or security of a correctional facility, corrections staff, inmates, or the public." *See* 2021 Del. HB 394.

6.     Through House Bill 394, § 4322 was amended to provide:

> (c) No inmate may be provided a copy of the Department of Correction Policy and Procedures Manuals, the Bureau of Prisons Policy and Procedures Manuals, the Department of Correction Facilities Operational Procedures, Administrative Regulations, or Post Orders *that could jeopardize the safety or security of a correctional facility, corrections staff, inmates, or the public.*
>
> (d) *A Department of Correction policy or procedure which, in the [judgment] of the Commissioner, contains information that could jeopardize the safety or security of a correctional facility, corrections staff, inmates or the public shall be confidential and subject to disclosure only upon written authority of the Commissioner.* For purposes of this subsection, "Department of Correction policy or procedure" includes any policy, procedure, post order, facility operational procedure, or administrative regulation adopted by a bureau, facility, or division of the Department.

11 Del. C. § 4322(c)-(d) (effective October 14, 2022) (emphasis added).

7.     When Plaintiff propounded his discovery requests and when he filed his September 13, 2022 motion to compel, the older version of § 4322 was in operation.   On February 17, 2023, when the DDOC Defendants filed their Court-directed response to the motion to compel, the new version of § 4322 was in effect.

4

Although the DDOC Defendants quote the new version of the statute in their briefing, *see* D.I. 113 at 9 n.9; *id.* at 12-13, they rely merely on caselaw holding that the kinds of documents sought by Plaintiff were privileged under the previous version of § 4322(c).   (D.I. 113 at 9-11).   The DDOC Defendants do not present any arguments with respect to how the Court should apply § 4322(c)-(d), as revised; nor do they argue with specificity that any of the documents sought by Plaintiff in the motion to compel "could jeopardize the safety or security of a correctional facility, corrections staff, inmates, or the public."   11 Del. C. § 4322(c).   Similarly, the DDOC Defendants do not assert that any document sought by Plaintiff "in the [judgment] of the Commissioner, contains information that could jeopardize the safety or security of a correctional facility, corrections staff."   *Id.* § 4322(d).

8.     For these reasons, the Court will direct the DDOC Defendants to file a revised response to Plaintiff's motion to compel that addresses these issues.

9.     Given the unresolved discovery issues, the Court will deny the DDOC Defendants' motion for summary judgment (D.I. 93) without prejudice to refiling after the motion to compel is adjudicated and any potential subsequent discovery is conducted.   As the DDOC Defendants note in their response to the motion to compel, their motion for summary judgment was filed at the dispositive motion deadline in the Scheduling Order then in effect, which necessitated filing the motion to preserve their right to seek summary judgment.   That Scheduling Order has since

been vacated, and the Court has indicated that a new Scheduling Order will be entered following adjudication of the motion to compel.   (D.I. 112 at 2-3)

Now therefore, IT IS HEREBY ORDERED that:

1.      The DDOC Defendants are directed to file a revised response to Plaintiff's motion to compel (D.I. 98) addressing the issues identified herein, on or before July 21, 2023.

2.      The DDOC Defendants' motion for summary judgment (D.I. 93) is **DENIED** without prejudice to refile.

_____
Chief Judge

6