IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMIR FATIR,                              )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   C.A. No. 18-1549-CFC-EGT
                                         )
CASEY PHELPS et al.,                     )
                                         )
            Defendants.                  )

**MEMORANDUM ORDER**

Presently before the Court is (1) Plaintiff's Renewed Motion to Determine the Sufficiency of State Defendants Phelps and Rash's Responses to Plaintiff's Requests for Admission (D.I. 232), (2) Plaintiff's Motion to Strike State Defendants' Opening Brief in Support of Their Amended Motion for Summary Judgment (D.I. 240) and (3) Plaintiff's Motion Requesting to Be Moved Back to Regular Housing and for Access to Legal Files (D.I. 244). Having considered the parties' briefing and submissions (D.I. 232, 234, 240 & 244-246), the Court rules as follows:

1.    Plaintiff disputes Defendants Phelps and Rash's responses to Request for Admission Nos. 1-3, which request that Defendants Phelps and Rash admit that they "had never written up a prisoner" before June 16, 2017 for possessing a highlighter, BIC pen or Post-it notes, respectively. (D.I. 232 ¶¶ 7-16). Both Defendants Phelps and Rash responded that they are unable to admit or deny Request Nos. 1-3 because the Delaware Automated Corrections System ("DACS") is not keyword-searchable and that a manual search of "each and every DACS write-up" would be unduly burdensome. (D.I. 229 at 2-5; D.I. 230 at 2-5). Citing nothing, Plaintiff claims that the requested DACS searches can be completed within ten minutes or less. (D.I. 232 ¶¶ 14 & 16). The Court has been given no reason to doubt Defendants Phelps and Rash's responses to Request Nos. 1-3; manual searches for the requested information appear to be unduly

burdensome.  And Defendants Phelps and Rash provided sufficient detail as to the inquiry they did conduct, which the Court finds was reasonable.  The Court therefore denies Plaintiff's motion to deem Defendants Phelps and Rash's responses to Request Nos. 1-3 admitted.

2.      Plaintiff disputes Defendants Phelps and Rash's responses to Request for Admission Nos. 8-10, which requests that Defendants Phelps and Rash admit that, on June 16, 2017, highlighters, BIC pins and Post-it notes "were allowed inside JTVCC." (D.I. 232 ¶¶ 17-20). In their amended responses, Defendants Phelps and Rash admitted that highlighters, BIC pens and Post-it notes were allowed within JTVCC but that "at all relevant times," highlighters, non-black pens and Post-it notes were prohibited within inmate cells.  (D.I. 229 at 10; D.I. 230 at 8-9). Plaintiff argues that Defendants Phelps and Rash's responses to Request Nos. 8-10 are untrue. (D.I. 232 ¶¶ 17-20).  But Plaintiff overlooks the fact that "it is outside the power of a court to judge the sufficiency of a party's response by evaluating whether the available evidence suggests that the fact at issue is indeed true." *Holtzman as Trs. of Elizabeth McManus Holtzman Irrevocable Tr. v. Philadelphia Museum of Art*, No. 22-CV-00122-JMY, 2025 WL 1289149, at *2 (E.D. Pa. Feb. 26, 2025).   Defendants Phelps and Rash's responses to Request Nos. 8-10 met the requirements of Rule 36.  The Court will not deem them admitted as Plaintiff requests.

3.      Plaintiff disputes Defendant Phelps' response to Request for Admission No. 28 and Defendant Rash's response to Request for Admission No. 20, both of which request that Defendants admit they "were not notified of what stationary items were allowed by the mailroom." (D.I. 232 ¶¶ 21).  Objecting to the undefined term "stationary items" as vague, both Defendants Phelps and Rash denied the requests.  (D.I. 229 at 17-19; D.I. 230 at 13).  Considering their denial, Plaintiff states that Defendants Phelps and Rash were therefore "notified of what stationary items were allowed by the mailroom" and should be ordered "to produce the documents they possess

regarding what stationary items were allowed in the mailroom." (D.I. 232 ¶ 21). Defendants Phelps and Rash's denials were sufficient; the Court therefore declines to deem them admitted. *See Easley v. Tritt*, No. 1:17-CV-930, 2020 WL 836695, at *20 (M.D. Pa. Feb. 20, 2020) ("[A] single-word response of 'denied' is often deemed sufficient." (citing *United Coal Companies v. Powell Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988)). Requests for admission are not the proper vehicle to request production of documents, and discovery has closed. (D.I. 178). Accordingly, Plaintiff's additional request that the Court compel production of documents is denied.

4.      Plaintiff moves to strike State Defendants' Opening Brief in Support of Their Amended Motion for Summary Judgment, arguing that it is a "stealth attempt to get another bite at the apple by re-arguing matters that were already contained in – or should have been contained in – their original brief in support of their motion for summary judgment and/or their reply brief." (D.I. 240 ¶ 3). Defendants previously moved to amend their papers in support of summary judgment (D.I. 231), a motion that Plaintiff never opposed and Judge Connolly granted (D.I. 233). In the amended brief and statement of facts, Defendants corrected a misstatement that inmates were prohibited from possessing "BIC pens" to now indicate that inmates were prohibited from possessing "red pens." (*Compare* D.I. 196 & 197, *with* D.I. 237). No other substantive changes occurred. Considering this minor change and the fact that Plaintiff never responded to Defendants' request to amend to make this change, Plaintiff's request to strike now is not well taken and will be denied.

5.      Finally, on January 2, 2026, Plaintiff filed a motion requesting that the Court enter an order to move him back to regular housing and grant him access to his legal papers. (D.I. 244). On January 9, 2026, Plaintiff filed a letter stating that he was "recently released from D/Infirmary" and "can now access my case files." (D.I. 245). Plaintiff's motion is therefore moot.

3

THEREFORE, IT IS HEREBY ORDERED that:

1.    Plaintiff's Renewed Motion to Determine the Sufficiency of State Defendants Phelps and Rash's Responses to Plaintiff's Requests for Admission (D.I. 232) is DENIED;

2.    Plaintiff's Motion to Strike State Defendants' Opening Brief in Support of Their Amended Motion for Summary Judgment (D.I. 240) is DENIED; and

3.    Plaintiff's Motion Requesting to Be Moved Back to Regular Housing and for Access to Legal Files (D.I. 244) is DENIED as MOOT.

The parties may file objections to this Order within fourteen (14) days after being served with a copy of the Order. *See* FED. R. CIV. P. 72(a); *see also* FED. R. CIV. P. 6(d). Any responses to the objections shall be filed fourteen (14) days after the objections. Objections and responses are limited to three (3) pages each. The failure of a party to object may result in the loss of the right to appellate review. *See United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: April 16, 2026

_____
UNITED STATES MAGISTRATE JUDGE